Judge Owsley
delivered the opinion of the court.
Webb and Galloway holding adverse conflicting claims to land, the former exhibited his bill in equity for the purpose of compelling the latter to surrender his title derived under the elder grant.
The cause, after being prepared by the parties, came on to be heard in the court of original jurisdiction, and a decree there pronounced in favor of Webb, for all the land in contest.
From that decree Galloway appealed; and this court, notwithstanding it agreed in opinion with the circuit court, that Webb’s entry was sufficiently established, differed from that court as to the validity of the entry of Galloway, and reversed the decree, with directions for the circuit court to enter a decree in favor of Webb for so much of the land in *484 contest as was included in his entry and survey, and which should not be included in common by Galloway’s survey, as made, and a survey when made according to his entry, when laid down as directed by this court. Vide 1 Marsh. 129.
Upon the return of the cause to the circuit court, the surveyor was directed to go upon the land and survey the same according to the directions of this court; and having made his report, a final decree was rendered in favor of Galloway for the land to which he was adjudged, by the opinion of this court, to have the superior equity.
Commissioners were then appointed to assess the value of the rents, improvements, &c. upon the land, from which, by that decree, Galloway was evicted, according to the provisions of the occupying claimant law; and having made their report, estimating the rents from the time of pronouncing the original decree, judgment was thereupon rendered in favor of Galloway.
Previous, however, to rendering the judgment, Galloway objected to so much of the report of the commissioners as allowed rent from the date of the original decree, insisting that the rent should not commence until the final decree was pronounced, after the cause returned from this to the circuit court; but his objections were overruled by the court;—and the only question made by the assignment of errors, involves an enquiry into the correctness of the decision of that court in overruling the objection taken to the report.
A decision of that question turns upon the construction of the act of January, 1812, concerning occupying claimants of land.
In the case of Lyon, &c. against Hanway, &c that act was held, and we still apprehend correctly, to apply to cases which were determined by the court of original jurisdiction before its passage, but which were, at that time, depending on an appeal in this court. From the language employed in the first section of that act, it was obviously intended by the legislature to provide for all cases where the land claimed by the occupant should, thereafter, prove to belong to another; and as by an appeal the decree or judgment appealed from, is suspended and remains in a state of litigation, during its pendency, as was held in the case of Lyon, &c. against Hanway, the land in contest cannot, with any propriety, be said to be proven to belong to any one.
Under the occupying claimant law of 1812, rents are chargeable from the rendition of judgment or decree in the court below, though such judgment &c. be suspended by appeal.
But in the consideration of the case now under review, we should be very careful not to confound the construction of that part of the act which points out the description of cases falling within its provisions, with other parts illustrative of the time rents should commence in those cases. Those parts have not such a mutual and intimate relation to the same subject, as to require either to be taken in aid, in giving an exposition of the other. The one describes the class of cases in which commissioners are to be appointed under the act, and the other directs the duty of those commissioners when appointed. Thus proceeding there can be but little difficulty in the case before us.
The third section of the act provides, “that the sealer, “improver, or occppant, shall be free and acquit from action, plaint, suit, or demand, for any charge of rent or “profit, during his occupancy, at any time before judgment “or decree against the validity of his claim by the court of “original jurisdiction; nor shall such seater, improver, or “occupant, by any delay or hindrance of justice, after such “judgment or decree become chargable with rent for more “than five years."
This section is too clear and explicit to require any comment. It shews, beyond controversy, that in making their report, the commissioners should estimate rent from the time of rendering the judgment or decree of the court of original jurisdiction, against the validity of the occupant’s claim; and needs only to be applied to the case now under consideration to prove the correctness of the decision of the circuit court.
It is true, the decree, from the date of which rents are allowed, was, by the decision of this court, reversed; but according to the principles of that reversal, the validity of Webb’s claim to all the land for which rent is allowed, as had been previously held by the court of original jurisdiction was sustained; and the cause was remanded to the circuit court, not for the purpose of permitting the parties again to controvert the right, but for the purpose of carrying into effect the opinion rendered by this court.
Under these circumstances, we entertain no doubt but the court decided correctly in making the estimate for rent commerce at the time of rendering the original decree.
The judgment must consequently be affirmed with cost.